UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENE DAVEY, as next of friend of JARED
JOHNSTON, and RENE DAVEY,

      Plaintiffs,

v.                                                                Case No. 07-12882
                                                              Honorable Patrick J. Duggan

ST. JOHN HEALTH, ST. JOHN RIVER
DISTRICT HOSPITAL, MARK THOMAS
O'BRIEN, D.O., DAVID HINDY, M.D., and
DOWNRIVER COMMUNITY SERVICES, INC.,

      Defendants.
_____/

## ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT AS TO DEFENDANT ST. JOHN HEALTH

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 17, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Presently before the Court is Defendant St. John Health's September 25, 2007 motion to set aside a Clerk's Entry of Default that was entered on September 17, 2007.

Plaintiffs originally filed this action against Defendants in the St. Clair County Circuit Court, State of Michigan, on May 18, 2007. On or about June 20, 2007, Defendant St. John River District Hospital ("Hospital") filed an Answer to the Complaint. Defendant St. John Health did not file an Answer at that time. Instead, counsel for St. John Health sent a letter to Plaintiffs' counsel, informing her that St. John Health is not a

proper defendant and requesting that Plaintiffs stipulate to its dismissal. Defense counsel included a proposed Stipulated Order dismissing St. John Health with prejudice and asked Plaintiffs' counsel to advise whether Plaintiffs would stipulate to the order.

On July 11, 2007, Defendants Downriver Community Services, Inc. and Drs. Mark Thomas O'Brien and David Hindy removed Plaintiffs' Complaint to this Court. On September 10, 2007, because St. John Health had not yet filed an Answer to their Complaint, Plaintiffs filed a request for a Clerk's Entry of Default (the request indicates that Plaintiffs served St. John Health on July 19, 2007). Immediately after receiving notice of Plaintiffs' request– in fact on the same date that the request was filed– St. John Health filed an Answer to the Complaint.[1] Nevertheless, a Clerk's Entry of Default was entered on September 17, 2007. St. John Health now seeks to set aside the entry.

Rule 55(c) provides that an entry of default may be set aside "[f]or good cause shown." FED. R. CIV. P. 55(c). In determining whether to set aside an entry of default, a court should consider the following three factors: (1) whether the plaintiff will be

---

[1]More precisely, Plaintiffs filed their request for a Clerk's Entry of Default on September 10, 2007, at 10:54 a.m. Less than two hours later, at 12:44 p.m. on September 10, 2007, St. John Health filed its Answer. The Clerk's Entry of Default, although backdated on the docket to September 10, 2007, actually was entered on September 17, 2007, at 4:21 p.m. Federal Rule of Civil Procedure 55(a) provides that the Clerk shall enter a default "[w]hen a party against whom a judgment for affirmative relief is sought *has failed to plead* or otherwise defend as provided by these rules . . ." FED. R. CIV. P. 55(a). As St. John Health had filed an Answer by the time the Clerk was prepared to enter the default, the default should not have even been entered. For that reason alone, the Court believes that St. John Health's motion to set aside the entry of default should be granted.

prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). "To be treated as culpable, the conduct of a defendant must display either an attempt to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986).

The Court has reviewed St. John Health's motion to set aside the entry of default and the documents attached thereto. The Court also has reviewed Plaintiffs' response in opposition to the motion, Plaintiffs' supplemental brief in support of their response, and Plaintiffs' second supplemental brief in support of their response. Finally, the Court has reviewed St. John Health's reply in support of its motion.

In evaluating St. John Health's motion, the Court is mindful that federal courts strongly favor decisions on the merits. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). The Court also takes into consideration the Sixth Circuit's instruction that motions to set aside default entries, as opposed to default judgments, are to be granted more liberally. *Manuf. Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995). The Court is satisfied that St. John Health's failure to timely Answer Plaintiffs' Complaint was not culpable conduct, that setting aside the entry of default and allowing St. John Health to file an Answer will not prejudice Plaintiffs, and that St. John Health has asserted a "meritorious defense."

Much of Plaintiffs' opposition to St. John Health's motion to set aside the Clerk's

Entry of Default is based on Plaintiffs' claim that St. John Health does not have a meritorious defense. At this time, the Court's function is not to make a determination as to whether St. John Health will prevail on its "meritorious defense." Rather, the Court must simply be satisfied that St. John Health has asserted such a defense. Whether St. John Health can ultimately prevail on its defense will depend on what the proofs show as this lawsuit proceeds.

For the reasons set forth above,

**IT IS ORDERED**, that St. John Health's motion to set aside the Clerk's Entry of Default is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Linda Turek, Esq.
William H. Goodman, Esq.
Paul Dwaihy, Esq.
Elizabeth J. Larin, Esq.