UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENE DAVEY, as next of friend of JARED
JOHNSTON, and RENE DAVEY,

      Plaintiffs,

v.                                                           Case No. 07-12882
                                                           Honorable Patrick J. Duggan

ST. JOHN HEALTH, ST. JOHN RIVER
DISTRICT HOSPITAL, MARK THOMAS
O'BRIEN, D.O., DAVID HINDY, M.D., and
DOWNRIVER COMMUNITY SERVICES, INC.,

      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 24, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This medical malpractice action arises from Plaintiff Rene Davey's delivery of Jared Johnston on July 22, 2003, at Defendant St. John River District Hospital ("Hospital") in St. Clair County, Michigan. Defendant Mark Thomas O'Brien, D.O. ("Dr. O'Brien") is a family practitioner who performed the delivery. Defendant David Hindy, M.D. ("Dr. Hindy") was involved in the post-natal care and treatment of Jared. Defendant Downriver Community Services, Inc. ("DCS") employs both doctors. Plaintiffs filed their Complaint in the St. Clair County Circuit Court, State of Michigan,

1

on May 18, 2007, against Drs. O'Brien and Hindy, DCS, the Hospital, and St. John Health (collectively "Defendants"). On July 11, 2007, Drs. O'Brien and Hindy and DCS removed Plaintiffs' Complaint to federal court, indicating that they have been deemed eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), pursuant to the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), 42 U.S.C. § 233(g)-(n).

Presently before the Court are the following motions: (1) a motion to substitute the United States of America for Drs. O'Brien and Hindy and DCS, filed by the United States on July 26, 2007; (2) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), filed by the United States on the same date; and (3) Plaintiffs' motion to remand, filed August 30, 2007. This Court held a hearing with respect to these motions on October 18, 2007.

**Motion to Substitute the United States for Drs. O'Brien and Hindy and DCS
and Plaintiffs' Motion to Remand**

The United States seeks to substitute itself for Drs. O'Brien and Hindy and DCS pursuant to the FTCA, 28 U.S.C. § 2679(d), and the FSHCAA, 42 U.S.C. § 233(g)-(n). Plaintiffs oppose the motion and move to have their lawsuit remanded to state court, contending that these Defendants are not eligible for coverage under the FTCA because Dr. O'Brien was not acting within the scope of his employment when he refused to call in another doctor to deliver Jared by cesarean section.

The Federal Employees Liability Reform and Tort Compensation Act of 1988,

2

commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their employment. 28 U.S.C. § 2679(b)(1). When a federal employee is sued, the Westfall Act empowers the Attorney General to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question. 28 U.S.C. §§ 2679(d)(1), (2). If the Attorney General issues such a certification, the employee is dismissed from the action and the United States is substituted as the defendant in place of the employee. 28 U.S.C. § 2679(d)(1).

Pursuant to the FSHCAA, 42 U.S.C. § 233, certain health care entities receiving grants under any of four statutory programs and officers, employees, and certain contractors of such entities are deemed to be employees of the United States Public Health Service. As with the Westfall Act, when the Attorney General certifies that an individual is an employee of the Public Health Service and was acting within the scope of his or her employment at the time of a tort alleged in a lawsuit, the employee is immune from liability and the United States must be substituted as the party defendant. 42 U.S.C. § 233(c).

The FSHCAA provides that the exclusive remedy for tortious acts committed by Public Health Service employees in the performance of medical, surgical, dental, or related functions is a claim against the United States under the FTCA. 42 U.S.C. § 233(a). Therefore, "[t]he FTCA provides the procedures for medical malpractice suits brought against the United States and is the exclusive remedy for claims asserted against

3

a Public Health Service officer." *Miller v. United States*, No. 99-3998, 2000 WL 1140726, at *2 (6th Cir. Aug. 7, 2000) (unpublished opinion) (citing 42 U.S.C. § 233(a)). Pursuant to the Westfall Act and the FSHCAA, actions commenced in state court against federal employees must be removed upon certification by the Attorney General that the employees were acting in the scope of their employment at the time of the incidents out of which the suits arose. 28 U.S.C. § 2679(d)(2); 42 U.S.C. § 233(c).

At the time of Jared's birth, Drs. O'Brien and Hindy were employed by DCS, which was an entity receiving federal funds relating to grants for community health centers as described in 42 U.S.C. § 233(g)(4). (Defs.' Mot., Ex. A.) Since 1994, DCS has been deemed eligible for coverage under the FTCA for medical and related functions performed by its officers or employees while acting within the scope of their employment. (*Id.*) On July 11, 2007, pursuant to the authority vested in the United States Attorney for the Eastern District of Michigan by the Attorney General under 28 C.F.R. § 15.3, Assistant United States Attorney L. Michael Wicks, Chief of the Civil Division, certified that Drs. O'Brien and Hindy were acting within the scope of their employment at the time of the incident on which Plaintiffs' Complaint is based. (*Id.*, Ex. B ¶ 2.) AUSA Wicks therefore certified that Drs. O'Brien and Hindy and DCS are deemed eligible for FTCA coverage pursuant to the FSHCAA. (*Id.* ¶ 3.)

Arguing that the doctors were not acting within the scope of their employment when the alleged negligence occurred, Plaintiffs contend that removal of their Complaint to federal court was improper and they object to the substitution of the United States for

4

Drs. O'Brien and Hindy and DCS. As there is no diversity of citizenship and no other federal law at issue, Plaintiffs therefore move the Court to remand their Complaint to state court.

The Court rejects Plaintiffs' challenge to the Attorney General's scope-of-employment certification.[1] The Attorney General's certification is rebuttable for purposes of determining whether a defendant is eligible for FTCA coverage and whether the United States shall be substituted for an original defendant. *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir. 1990). The Attorney General's certification, however, provides *prima facie* evidence that the defendant was acting within the scope of his or her employment, resting the burden on the plaintiff to present evidence to demonstrate otherwise. *Singleton v. United States*, 277 F.3d 864, 870-71 (6th Cir. 2002).

"'Whether an employee was acting within the scope of his employment is a

---

[1]Defendants argue that, even if the Court finds the Attorney General's scope-of-employment certification incorrect, Plaintiffs' motion to remand must be denied based on the Supreme Court's recent decision in *Osborn v. Haley*, – U.S. – , 127 S. Ct. 881 (2007). In *Osborn*, the Supreme Court held that "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Id*. at 895. The Court relied on the removal provision in the Westfall Act which states that the Attorney General's certification "conclusively establish[es] scope of office or employment *for purposes of removal*." *Id*. (quoting 28 U.S.C. § 2679(d)(2)). As Plaintiffs point out, however, the removal provision in the FSHCAA provides that a lawsuit must be remanded to the state court where the district court determines on a motion to remand that the case "is one in which a remedy by suit within the meaning of subsection (a) [of Section 233] is not available against the United States." 42 U.S.C. § 233(c). As the Court does not find the certification in this case unwarranted, it need not reach the issue of whether the holding in *Osborn* applies when the certification is pursuant to the FSHCAA instead of the Westfall Act.

question of law, not fact, made in accordance with the law of the state where the conduct occurred.'" *Id*. (quoting *RMI Titanium v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996)). "However, 'when a district court is reviewing a certification question ..., it must identify and resolve disputed issues of fact necessary to its decision before entering its order.'" *Id*. (quoting *Arthur v. United States*, 45 F.3d 292, 296 (9th Cir. 1995)).

The Sixth Circuit has summarized the "scope of employment" determination under Michigan law as follows:

> Under Michigan law, an employee is acting within the scope of his employment unless he "steps aside from his employment to gratify some personal animosity or to accomplish some purpose of his own." *Green v. Shell Oil Co.*, 181 Mich. App. 439, 450 N.W.2d 50, 53 (1989) (quoting *Martin v. Jones*, 302 Mich. 355, 4 N.W.2d 686, 687 (1942)). The question is whether the employee "could in some way have been held to have been promoting his master's business." *Bryant v. Brannen*, 180 Mich. App. 87, 446 N.W.2d 847, 853 (1989). Moreover, "an act may be within the scope of employment although consciously criminal or tortious." *Id*. (quoting Restatement (Second) of Agency § 231 (1958)).

*Allison v. Gay*, 50 Fed. App'x 719, 720 (6th Cir. 2002) (unpublished opinion). Plaintiffs contend that Dr. O'Brien acted outside the scope of his employment because he "intentionally denied Plaintiff a cesarean section to avoid retaining another physician, thereby forfeiting his fees for the delivery, i.e. to further his own purpose of financial gain." (Pls.' Br. in Supp. of Mot. at 13.) Plaintiffs analogize Dr. O'Brien's conduct to the truck drivers' deviations from their routes for the purpose of visiting a friend or

girlfriend in *Conklin v. Indus. Transp., Inc.*, 312 Mich. 250, 20 N.W.2d 79 (1945) and

*Freeza v. Schauer Tool & Die Co.*, 322 Mich. 293, 33 N.W.2d 799 (1948), and the

psychiatrist's and physician assistant's sexual assault of their patients in *Bodin v.

Vagshenian*, 462 F.3d 481 (5th Cir. 2006) and *Andrews v. United States*, 732 F.2d 366

(4th Cir. 1984).

The conduct of the defendants in the cases on which Plaintiffs rely is no way analogous to Dr. O'Brien's alleged misconduct in the present case. The "personal mission(s)" or "personal business" of the defendants in the cases cited above, and in the other cases cited by Plaintiffs at pages 11-12 of their brief, were beyond the scope of the services the defendants were employed to perform. In comparison, Dr. O'Brien was performing one of the specific services he was employed to perform when the alleged injury occurred. DCS employed Dr. O'Brien to work as a family practice physician and to provide primary medical care to its patients in the following five areas: internal medicine, pediatrics, surgery, *obstetrics*, and counseling/psychiatry. (Defs.' Reply, Ex. 1A at 11.) In the cases Plaintiffs cite, the motive of the defendants is not what rendered their conduct beyond the scope of their employment; rather, their actual conduct exceeded the scope or authority of the business they were hired to perform. As Defendants point out, Plaintiffs fail to cite a Michigan case where the motive of the defendant in performing a service that is within his or her scope of employment is held to take the service outside that scope.

In any event, Plaintiffs present no proof beyond their conclusory allegations to

7

show that Dr. O'Brien denied Ms. Davey a cesarean section "to further his own purpose of financial gain."[2] Plaintiffs offer no evidence to show that Dr. O'Brien would (or even that he believed that he would) receive a larger fee if he delivered Jared rather than retaining another physician to perform a cesarean section. In fact, Defendants present evidence indicating that, pursuant to the system by which DCS compensated Dr. O'Brien, he would have been paid the same fee for a vaginal delivery as for assisting an obstetrician in performing a cesarean section.[3] (Defs.' Reply, Ex. 1 ¶ 4, Ex. 1A at 4-5 &

---

[2]In the alternative to their request that the Court find the Attorney General's scope-of-employment certification incorrect, Plaintiffs ask the Court to permit preliminary discovery and hold an evidentiary hearing with respect to the issue. (Pls.' Br. in Supp. of Mot. at 15.) According to Plaintiffs, "[d]iscovery is appropriate where a Plaintiff carries her burden by submitting 'specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." (*Id*. (quoting *Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1155 (4th Cir. 1997).) As the Court finds that Plaintiffs' theory as to why Dr. O'Brien acted outside the scope of his employment is based on mere conclusory allegations and speculation, discovery is not warranted. Further, as Plaintiffs also indicate, a district court need not conduct an evidentiary hearing unless there are genuine issues of fact material to the scope-of-employment decision to resolve. (*Id*.) Plaintiffs fail to demonstrate that there are genuine issues of material fact necessitating such a hearing. Thus the Court denies Plaintiffs alternative request.

[3]In their reply brief, to support their assertion that Defendants' decision to perform a vaginal delivery instead of a cesarean section was based on their personal economic interests, Plaintiffs claim that Ms. Davey's Medicaid coverage "would not have compensated defendants had they not performed Plaintiff's delivery." (Pls.' Reply Br. at 2.) The Court assumes that Plaintiffs mean that Dr. O'Brien and his employer, DCS, would not have received payments from Medicaid if another doctor, who is not employed by DCS, performed a cesarean section. In any event, Plaintiffs offer no admissible evidence to demonstrate what remuneration policy Medicaid maintains and thus their theory lacks support. It also is purely speculative as to what, if anything, motivated Dr. O'Brien's decision.

8

16.)

Regardless of how many damning or negative adjectives counsel employs in Plaintiffs' motion to describe Dr. O'Brien's conduct or Jared's condition following his birth (*see, e.g.,* Pls.' Br. at 3 & 5), Plaintiffs fail to satisfy their burden of demonstrating that the Attorney General's scope-of-employment certification was incorrect. The Court cannot conclude that Dr. O'Brien acted outside the scope of his employment because he decided to perform a vaginal delivery instead of retaining an obstetrician to perform a cesarean section. The Court would reach the same conclusion regardless of Dr. O'Brien's motive (if he even had one) for reaching this decision.

Based on this conclusion, the Court finds that Drs. O'Brien and Hindy and DCS are eligible for coverage under the FTCA, pursuant to the FSHCAA. Accordingly, the Court holds that the United States should be substituted for those Defendants and that this Court has exclusive subject matter jurisdiction over Plaintiffs' Complaint. Plaintiffs' motion to remand therefore is denied.

**The United State of America's Motion to Dismiss**

The United States moves to dismiss Plaintiffs' action pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that Plaintiffs failed to exhaust their administrative remedies prior to bringing the action, as required by the FTCA, 28 U.S.C. § 2675(a).[4] At

---

[4]28 U.S.C. § 2675 provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of

the motion hearing, Plaintiffs' counsel conceded that Plaintiffs' Complaint must be dismissed for failure to exhaust administrative remedies if the Court concludes that Drs. O'Brien and Hindy were acting within the scope of their employment at the time of the alleged injuries. As the Court has reached this conclusion, it grants the United States' motion to dismiss for failure to exhaust administrative remedies.

Accordingly, based on the above,

**IT IS ORDERED**, that the motion to substitute the United States for Defendants O'Brien, Hindy, and DCS is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiffs' motion to remand is **DENIED**;

**IT IS FURTHER ORDERED**, that the United States' motion to dismiss pursuant

---

> property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this action. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a). Based on Section 2675(a), the Sixth Circuit has held that an administrative claim is a jurisdictional prerequisite to maintaining a civil action under the FTCA. *See, e.g., Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975). This precondition to filing a lawsuit is not capable of waiver or subject to estoppel. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).

to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**; therefore, Plaintiffs'

Complaint is **DISMISSED WITHOUT PREJUDICE**.

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
William H. Goodman, Esq.
Linda Turek, Esq.
Paul Dwaihy, Esq.
Elizabeth J. Larin, Esq.